UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| RUTH A. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-cv-99-WGH-RLY |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER DENYING PLAINTIFF'S EAJA MOTION
# FOR AWARD OF ATTORNEY'S FEES

On May 5, 2009, Plaintiff filed an EAJA Motion for Award of Attorney's Fees. The court, having considered the motion, all filed documents and relevant law, and being duly advised, hereby **DENIES** the motion.

Under 28 U.S.C. § 2412, reasonable fees may be awarded to a plaintiff's counsel where: (1) plaintiff is a prevailing party; (2) the government is not "substantially justified" in its position; (3) no "special circumstances" make an award unjust; and (4) the fee application is timely and supported by an itemized statement. In this case, the only issue is whether the government was "substantially justified" in its position.

A position is "substantially justified" if it has a reasonable basis in law and fact. *Conrad v. Barnhart,* 434 F.3d 987, 989 (7th Cir. 2006). The court agrees with Defendant that, in this case, the ALJ had a reasonable legal and factual basis for determining that Plaintiff was not disabled. We remanded because we concluded

that the ALJ: (1) failed to sufficiently articulate her credibility determination; (2) failed to sufficiently articulate whether or not all of Plaintiff's impairments were considered in combination; and (3) failed to articulate why Plaintiff could perform one of her past jobs as deli worker given Plaintiff's RFC which limited her to no contact with dangerous machinery.[1] The Seventh Circuit has explained that the ALJ's failure to sufficiently articulate a position "in no way necessitates a finding the Secretary's position was not substantially justified." *Stein v. Sullivan,* 966 F.2d 317, 320 (7th Cir. 1992). The court, in this case, did not reverse the decision of the ALJ and, in fact, found no fault in several areas of the ALJ's decision where Plaintiff alleged error. The court even noted that "[t]he decision to remand in this case does not, of course, indicate that Plaintiff will be ultimately found to be entitled to benefits." Because the ALJ's only mistakes involved a failure to articulate, the court concludes that the ALJ's decision was substantially justified. Under these circumstances, an award of attorney's fees under the EAJA is not warranted.

**SO ORDERED** this 11th day of June, 2009.

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

---

[1] The court also noted that remand was necessary because the ALJ failed to give proper weight to the opinions of Dr. Tretter. The court did not explicitly rule that Dr. Tretter's opinions concerning Plaintiff's hands were entitled to controlling weight. Instead, the court noted that, on remand, the ALJ may very well determine that Dr. Tretter's opinions are not entitled to controlling weight, but that the ALJ must do so by complying with 20 C.F.R. § 404.1527. Because, on remand, the ALJ may very well still determine that Dr. Tretter's opinions are not entitled to controlling weight, the court cannot say that the Commisioner's decision was not substantially justified.

**Electronic copies to:**

J. Michael Woods
WOODS & WOODS
mwoods@woodslawyers.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov